**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BILLIONAIRE MAFIA, LLC, et al, <br>　　　　　　　　Plaintiffs, <br>vs. <br>JOE DANIA, et al., <br>　　　　　　　　Defendants. | Case No. 2:11-cv-01280-GMN-PAL <br><br>**ORDER AND** <br>**REPORT OF FINDINGS AND** <br>**RECOMMENDATION** <br><br>(Mtn re Rule 4(m) Notice - Dkt. #11) |

This matter is before the court on a Letter (Dkt. #11) received by the court on August 10, 2012 by Mr. Sergei Orel, counsel for Plaintiffs Billionaire Mafia, LLC, and Lana Fuchs ("Plaintiffs"). The Clerk docketed the Letter as a Motion Regarding Rule 4(m) Dismissal. *See* Dkt. #11. The court has reviewed Mr. Orel's Letter and the docket in this case.

**I.   Findings of Fact.**

1. Plaintiffs filed their Complaint (Dkt. #1) on August 9, 2011, invoking the court's diversity jurisdiction and asserting a breach of contract claim against Defendants Joe Dania and Knit Generation, Inc. ("Defendants"). Plaintiffs allege they entered into a contract for the manufacture of clothing by Defendants. *See* Complaint at ¶ 3. Plaintiffs allege that although they paid Defendants $9,615.00–half the contract price–up front, Defendants failed to manufacture the clothing. *Id.* at ¶¶ 4-5. Plaintiffs contend they suffered actual and consequential damages of at least $75,000.00. *Id.* at ¶ 7.

2. The Clerk of Court issued summons to Defendants on August 9, 2011. *See* Dkt. #3.

3. Plaintiffs have not filed proof of service of process with court.

4. On April 2, 2012, Plaintiffs filed a Motion for Entry of Clerk's Default (Dkt. #8), which

asserts Plaintiffs served the Defendants with process on August 12, 2012.[1]  *See* Unsworn Affidavit of Plaintiffs' counsel, Sergei Orel, attached to Motion for Default.

5. In a Minute Order (Dkt. #9) entered April 4, 2012, the district judge denied Plaintiffs' Motion for Default because: (a) Plaintiffs failed to file proof of service of the Complaint and Summons or attach proof in support of the Motion for Default; and (b) counsel's affidavit in support of the Motion for Default had not been properly sworn before an authorized officer.  *See* Minute Order (Dkt. #9).

6. On April 4, 2012 the district judge also ordered Plaintiffs to show cause why this case should not be dismissed for their failure to prosecute under Rule 4(m) of the Federal Rules of Civil Procedure.  *Id.*

7. Plaintiffs did not respond to the court's Order to Show Cause or request an extension of time in which to do so.

8. On July 11, 2012, the Clerk of Court issued its standard Notice (Dkt. #10) of intent to dismiss pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  The Notice stated that the Complaint was filed on August 9, 2011, and pursuant to Rule 4(m), would be dismissed without prejudice unless Plaintiffs filed proof of service for Defendants on or before August 10, 2012.  *See* Notice (Dkt. #10).  The Notice also warned that Plaintiffs' failure to comply with the Notice would result in automatic dismissal of this case.  *Id.*

9. Plaintiffs have not complied with the Notice.  To date, they have not filed proof of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

10. On August 10, 2012, Mr. Orel filed a letter representing that Plaintiffs served Defendants with certified and signed summonses "back in 2001 [sic]."  *See* Letter (Dkt. #11).

11. Mr. Orel's Letter also states that Defendants acknowledged receipt of service and the

---

[1] Counsel's unsworn Affidavit, filed in support of the Motion for Default and dated April 2, 2012, is obviously wrong with respect to the date of service of process on Defendants as it claims that service of the summons and Complaint occurred August 12, 2012, which is an impossibility.

|   |   |   |
|---|---|---|
|   |   | parties "have been involved in extensive and prolonged settlement negotiations." *Id.* According to the Letter, Defendants have made some payments to Plaintiffs, but there is still a remaining balance, and the parties are working to resolve this matter. *Id.* The Letter requests the court terminate the deadline imposed by Rule 4(m) as moot. *Id.* |
|   | 12. | Mr. Orel is not licensed to practice law in Nevada. *See generally* State Bar of Nevada's "Find a Lawyer" Database, available at www.nvbar.org/find-a-lawyer (last visited October 24, 2012). |
|   | 13. | A review of the court's records reflects Mr. Orel is not admitted to practice in the United States District Court for the District of Nevada, and has not applied to be admitted in this case pro hac vice. |
|   | 14. | Based upon Mr. Orel's filings and the New Jersey Supreme Court's Attorney Index, that he is licensed in the State of New Jersey. *See* NJ Attorney Index, available at http://njcourts.judiciary.state.nj.us/web10/AttyPAWeb/pages/home.faces?locale=en (last visited October 24, 2012). |

**II.   Conclusions of Law.**

Rule 4(l) of the Federal Rules of Civil Procedure provides, "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed.R.Civ.P. 4(l)(1). Plaintiffs have not complied with this Rule despite multiple warnings from the court. On April 4, 2012, Plaintiffs were advised of their failure to file proof of service in the court's Minute Order (Dkt. #9) denying their Motion for Default and ordered to show cause why this suit should not be dismissed. Plaintiffs failed to comply with the order to show cause, and failed to provide proof of service of summons and complaint. Three months later, on July 11, 2012, the Clerk entered a Notice (Dkt. #10) again advising Plaintiffs they had not filed proof of service of the Complaint and warning Plaintiffs this case would be "automatically dismissed" pursuant to Rule 4(m) of the Federal Rules of Civil Procedure "unless on or before **08/10/2012** there is filed with the clerk proof of service on the above-named party(ies)." Notice (Dkt. #10). Plaintiffs did not file proof of service.

Mr. Orel's August 10, 2012 Letter (Dkt. #11) is not proof of service under Rule 4(m) because it

is not an affidavit of the server as required by Rule 4(l)(1). If, as he claims, the Defendants have been served, it is a simple matter to file proof of service as required by Rule 4(l)(1). His request that the court terminate the Rule 4(m) deadline as moot is denied. The letter representing that the Defendants have been served does not satisfy the requirement to provide proof of service within 120 days. It also does not render the matter moot. Additionally, letters are not an appropriate way to request relief from the court. *See generally* Fed.R.Civ.P. 7(b) (requests for court orders must be made by motion). Plaintiffs are required to comply with the Federal Rules of Civil Procedure and orders of this court. They have not, to date, filed proof of service of process to comply with Rule 4(l) or the Clerk's July 11, 2012, Notice of Rule 4(m) dismissal. Plaintiffs have also failed to respond to the court's Order to Show Cause (Dkt. #9) which was entered more than six months ago.

Furthermore, Mr. Orel is not licensed to practice before this court, and because he is not licensed to practice before the Supreme Court of the State of Nevada, he is not eligible for admission to this court. *See* Local Rule IA 10-1(a). Additionally, Mr. Orel has not applied for admission to practice pro hac vice in this particular case. *See* Local Rule IA 10-2. He was required to apply for pro hac vice admission within forty-five days of filing the Complaint. *See* LR 10-2(e). Failure to comply with Local Rule IA 10-2 "may result in the striking of any and all documents previously filed by such attorney, the imposition of sanctions, or both." Local Rule IA 10-2(k).

Plaintiffs' willful failure to comply with the court's Order to Show Cause and the Clerk's Notice, as well as Plaintiffs' counsel's failure to comply with the court's Local Rules of Practice are abusive litigation practices that have interfered with the court's ability to hear this case, delayed litigation, disrupted the court's timely management of its docket, wasted judicial resources, and threatened the integrity of the court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiffs and their counsel have wilfully refused to comply with a court Order to Show Cause, Notice, as well as the Federal Rules of Civil Procedure and the Local Rules of Practice.

Rule 41 of the Federal Rules of Civil Procedure requires that Plaintiffs prosecute their claims and authorizes involuntary dismissal for failure to prosecute or comply with a court order. Even in the absence of a motion to dismiss, the court has the inherent power to dismiss a case for lack of

prosecution sua sponte. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

Rule 16(f) of the Federal Rules of Civil Procedure also authorizes the court to impose sanctions on a party's motion or on its own, including any sanctions authorized by Rule 37(b)(2)(A)(ii-vii), if a party or its attorney fails to obey a pretrial order. *Id.* The available sanctions include, among other things, striking a party's pleadings in whole or in part. Fed.R.Civ.P. 37(b)(2)(A)(iii). Rule 16(f) gives the court broad discretion to sanction attorneys and parties who fail to comply with reasonable pretrial orders of the court to insure that they "fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Matter of Sanctions of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1994) (en banc). The Ninth Circuit has held that the purpose of Rule 16 is "to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986); *see also* advisory committee's note to 1983 Amendment of Fed.R.Civ.P. 16 (stating "explicit reference to sanctions reinforces the rule's intention to encourage forceful judicial management").

Violations of Rule 16 are neither technical nor trivial. *Martin Family Trust v. Heco-Nostalgia Enterprises, Co.,* 186 F.R.D. 601, 603 (E.D. Ca. 1999). Rule 16 is critical to the court's management of its docket and prevents unnecessary delays in adjudicating cases. *Id*. The Ninth Circuit has emphasized that a case management order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted). Disregard of a court order undermines the court's ability to control its docket and rewards the indolent and cavalier. *Id*.

The court finds that Plaintiffs have not diligently prosecuted this case because they and their counsel have failed to comply with the Federal Rules of Civil Procedure, as well as the court's Order to Show Cause, Notice, and Local Rules of Practice. These failures of both Plaintiffs and their counsel warrants involuntary dismissal of Plaintiffs' Complaint under Rule 41 of the Federal Rules of Civil Procedure.

For the reasons stated,

**IT IS ORDERED** that Plaintiffs' Letter Request Regarding Rule 4(m) (Dkt. #11) is DENIED.

///

///

**IT IS RECOMMENDED** that Plaintiffs' Complaint (Dkt. #1) be DISMISSED for failure to prosecute, failure to provide proof of service, failure to comply with the Order to Show Cause, and failure to comply with the Local Rules of Practice regarding admission of an attorney not licensed in Nevada, nor admitted to practice in this case pro hac vice.

Dated this 29th day of October, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE